## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Andrew Lamar Pitts,

                Plaintiff,        Case No. 25-cv-13380

v.                         Judith E. Levy
                               United States District Judge

Progressive Michigan Insurance
Company,                       Mag. Judge David R. Grand

                Defendant.

_____/

## ORDER STRIKING PLAINTIFF'S COMPLAINT AND ORDER FOR PLAINTIFF TO SUBMIT APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS

Plaintiff Andrew Lamar Pitts filed a complaint against Defendant Progressive Michigan Insurance Company in which he alleges breach of contract, or in the alternative, unjust enrichment. (ECF No. 1.) The complaint is not signed by Plaintiff, who is self-represented, and it does not establish that subject matter jurisdiction exists under 28 U.S.C. § 1332(a). In addition, Plaintiff also submitted an Application to Proceed Without Prepaying Fees or Costs (*in forma pauperis*) that is completely blank except for his signature and date.

## I.    Order Striking Plaintiff's Complaint

As noted, Plaintiff did not sign the complaint. Federal Rule of Civil Procedure 11(a) provides in relevant part that "[e]very pleading, written motion, and other paper must be signed by . . . a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). The complaint is unsigned and therefore does not comply with the signature requirement of Rule 11(a). Accordingly, the complaint is stricken. Plaintiff may refile a complaint that contains his handwritten signature. Any complaint Plaintiff decides to file must also address the following deficiency regarding jurisdiction.

One way in which a federal court has subject matter jurisdiction is based on diversity jurisdiction. See *Miller v. Bruenger*, 949 F.3d 986, 990 (6th Cir. 2020). Federal district courts have diversity jurisdiction in civil cases "where the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). A review of the complaint shows that Plaintiff's allegations are insufficient to establish subject matter jurisdiction under § 1332(a).  Here, Plaintiff has failed to properly allege Defendant's citizenship. Under 28 U.S.C. § 1332(c)(1), a corporation is

deemed a citizen of both the state in which it is incorporated and the state where it maintains its principal place of business. *See* 28 U.S.C. § 1332(c)(1). The complaint alleges that Defendant is "an Ohio corporation" with "its principal place of business outside Michigan." (ECF No. 1, PageID.2, ¶6; PageID.1, ¶3.) Plaintiff does not specify the state where Defendant's principal place of business is located. Accordingly, the Court lacks sufficient information to determine Defendant's citizenship and therefore whether subject matter jurisdiction based on diversity of citizenship exists. Plaintiff must properly allege Defendant's citizenship in any future complaint he chooses to file. Failure to establish jurisdiction may result in dismissal of the action.

## II.  Order to Submit Application to Proceed without Prepaying Fees or Costs

Plaintiff submitted a blank application to proceed *in forma pauperis*. (ECF No. 2.) Federal courts "may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees . . . by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1). Inadequate completion of an application to proceed *in forma pauperis* is grounds for denial of that application in the Eastern District of Michigan. *See Shaw*

3

*v. Oakland Cnty. Friend of the Ct.*, No. 20-12492, 2020 WL 7024912, at *3 (E.D. Mich. Nov. 30, 2020).

Here, Plaintiff's application to proceed *in forma pauperis* is empty except for Plaintiff's name, his signature, and the date it was presumptively signed. Plaintiff has not provided any of the information requested on the form. (ECF No. 2, PageID.7–8.) Without this information, the Court cannot determine whether Plaintiff is unable to pay the applicable filing fee. As a result, Plaintiff must file a completed Application to Proceed in District Court Without Prepaying Fees or Costs.

For reasons stated above, the Court orders:

(1)    The complaint (ECF No. 1) is STRICKEN and not part of the record.

(2)    If Plaintiff would like this case to proceed, he must submit a complaint that includes his handwritten signature and that properly alleges Defendant's citizenship (state of incorporation and principal place of business) by **December 1, 2025**.

(3)    If Plaintiff would like the Court to consider his Application to Proceed Without Prepaying Fees or Costs he must submit a complete

application by **December 1, 2025**. In his submission he must answer each question that appears in the application.

**If Plaintiff fails to comply with this order, the case may be dismissed for failure to prosecute pursuant to Eastern District of Michigan Local Rule 41.2 and for lack of subject matter jurisdiction (28 U.S.C. § 1332(c)(1)).**

IT IS SO ORDERED.

Dated: November 3, 2025              s/Judith E. Levy
      Ann Arbor, Michigan        JUDITH E. LEVY
                                    United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 3, 2025.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager

5