**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Andrew Lamar Pitts,

                    Plaintiff,        Case No. 25-cv-13380

v.                          Judith E. Levy
                                 United States District Judge

Progressive Michigan Insurance
Company,                      Mag. Judge David R. Grand

                    Defendant.

_____/

## <u>ORDER DISMISSING CASE WITHOUT PREJUDICE</u>

On October 23, 2025, Plaintiff Andrew Lamar Pitts initiated this diversity action against Defendant Progressive Michigan Insurance Company. Plaintiff also submitted an Application to Proceed Without Prepaying Fees or Costs—or to proceed *in forma pauperis*. (ECF No. 2.) Plaintiff is self-represented. On November 3, 2025, the Court issued an order striking the complaint because "[t]he complaint [wa]s unsigned and therefore d[id] not comply with the signature requirement of [Federal] Rule [of Civil Procedure] 11(a)." (ECF No. 5, PageID.13.) In its order, the Court identified a deficiency in the complaint's allegations regarding

jurisdiction: the complaint did not properly allege Defendant's citizenship, so the Court could not confirm the existence of subject matter jurisdiction based on diversity jurisdiction. (*See id.* at PageID.12–14.) The Court noted that Plaintiff's Application to Proceed Without Prepaying Fees or Costs was blank except for Plaintiff's name, signature, and the date it was signed. (*Id.* at PageID.12, 14–15.) The Court ordered as follows:

> (1)   The complaint (ECF No. 1) is STRICKEN and not part of the record.
>
> (2)   If Plaintiff would like this case to proceed, he must submit a complaint that includes his handwritten signature and that properly alleges Defendant's citizenship (state of incorporation and principal place of business) by **December 1, 2025**.
>
> (3)   If Plaintiff would like the Court to consider his Application to Proceed Without Prepaying Fees or Costs he must submit a complete application by **December 1, 2025**. In his submission he must answer each question that appears in the application.
>
> **If Plaintiff fails to comply with this order, the case may be dismissed for failure to prosecute pursuant to Eastern District of Michigan Local Rule 41.2 and for lack of subject matter jurisdiction (28 U.S.C. § 1332(c)(1)).**

(*Id.* at PageID.15–16 (emphasis in original).)

Plaintiff did not file an amended complaint or a revised Application to Proceed Without Prepaying Fees or Costs by December 1, 2025. As a result, the Court issued a show cause order on December 4, 2025. (ECF No. 7.) The Court's order stated:

> On November 26, 2025, Plaintiff commenced a new case against Defendant. *Pitts v. Progressive Michigan Insurance Company*, No. 25-13809, ECF No. 1 (E.D. Mich. filed Nov. 26, 2025). That case was dismissed for duplicative litigation. *Pitts*, No. 25-13809, ECF No. 4.
>
> Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT & T*, 176 F.3d 359, 362–63 (6th Cir. 1999)). In addition, Eastern District of Michigan Local Rule 41.2 provides that "when it appears that . . . the parties have taken no action for a reasonable time, the Court may, on its own motion after reasonable notice . . . enter an order dismissing or remanding the case unless good cause is shown." E.D. Mich. LR 41.2. Moreover, courts in the Eastern District find a Rule 41(b) dismissal is proper after the plaintiff ignores an order warning him to file a complete application to proceed without prepayment of fees and costs. *See, e.g.*, *Tucker v. Quinones*, No. 23-CV-13120, 2024 U.S. Dist. LEXIS 104057, 2024 WL 2947257, at *2 (E.D. Mich. June 11, 2024); *Tucker v. Fed. Bureau of Investigation*, No. 24-10961, 2024 U.S. Dist. LEXIS 201274, 2024 WL 4682695, at *3 (E.D. Mich. Nov. 5, 2024).

Here, Plaintiff may have attempted to comply with the Court's order by filing a new case. *Pitts*, No. 25-13809. However, he failed to do so here. Plaintiff failed to submit a new complaint with his handwritten signature and a complete application to proceed *in forma pauperis*. The Court warned Plaintiff that failure to comply with its order by December 1, 2025, may result in dismissal pursuant to Eastern District of Michigan Local Rule 41.2 and for lack of subject matter jurisdiction (28 U.S.C. § 1332(c)(1)). (ECF No. 5.)

Accordingly, Plaintiff is ordered to show cause in writing why the Court should not dismiss the case for failure to prosecute, failure to comply with the Court's order, and lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 4(m), 41(b); E.D. Mich. LR 41.2. Plaintiff's response to this show cause order is due by January 5, 2026. **FAILURE TO FILE A RESPONSE BY JANUARY 5, 2026 WILL RESULT IN THE DISMISSAL OF THIS CASE.**

(*Id.* at PageID.24 (emphasis in original).)

Plaintiff did not respond to the Court's December 4, 2025 show cause order. The Court thus issued a second order for Plaintiff to show cause on January 27, 2026. (ECF No. 8.) That order required Plaintiff to show cause in writing by February 17, 2026 why the case should not be dismissed for failure to prosecute under Local Rule 41.2. (*Id.*) The order warned Plaintiff that "[f]ailure to respond may result in dismissal of the case." (*Id.*)

The deadline for Plaintiff to respond to the Court's January 27, 2026 show cause order has elapsed, and the Court has not received any communication from Plaintiff. Plaintiff has not responded to any of the Court's orders. Nor has he (1) submitted an amended complaint or a revised Application to Proceed Without Prepaying Fees or Costs or (2) asked for more time to file a response, an amended complaint, or a revised application. Plaintiff's now-stricken complaint and his blank Application to Proceed Without Prepaying Fees or Costs are the only documents that Plaintiff filed since he initiated this case in October 2025; Plaintiff has filed no documents in this matter since then. The Court warned Plaintiff in its order striking the complaint and in its two show cause orders about the possibility of dismissal if he failed to respond within the time frame specified in each order. (*See* ECF Nos. 5, 7, 8.) There is no indication that the Court's orders were returned to the Court as undeliverable. In light of Plaintiff's non-compliance with the Court's orders, his failure to prosecute the case since initiating this action approximately five months ago, and the current posture of the case, the Court finds it appropriate to dismiss the case without prejudice. *See* Fed.

R. Civ. P. 41(b); E.D. Mich. LR 41.2; *Bay Corrugated Container, Inc. v. Gould, Inc.*, 609 F. App'x 832, 835 (6th Cir. 2015).

Accordingly, the case is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: March 13, 2026                    s/Judith E. Levy
     Ann Arbor, Michigan             JUDITH E. LEVY
                                  United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 13, 2026.

                                s/William Barkholz
                                WILLIAM BARKHOLZ
                                Case Manager